UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| MARK DAVID STEFFEN,<br><br>               Plaintiff,<br><br>vs.<br><br>UPLIFT, INC.,<br><br>               Defendant. | 3:22-CV-03017-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTION TO DISMISS |

On October 26, 2022, Defendant Uplift, Inc. (Uplift) filed a notice of removal from small claims court of the Sixth Judicial Circuit in South Dakota. Doc. 1. Shortly after, Uplift filed a Motion to Set Aside Default, Doc. 2, and pro se plaintiff Mark Steffen (Steffen) did not respond, Doc. 8. This Court found removal to be proper because the complaint alleged a federal claim and granted the motion to set aside because Uplift had not been properly served. Doc. 12. Uplift then filed a Motion to Dismiss, somewhat ironically arguing that Steffen failed to state a claim within this Court's jurisdiction because Uplift does not qualify as a debt collector under the Fair Debt Collection Practices Act (FDCPA). Docs. 13, 15. As with the motion to set aside, Steffen has not responded to the motion despite being properly served. Docs. 14, 16–17. For the reasons discussed below, this Court grants the motion to dismiss.

1

I. **Facts Alleged in Statement of Small Claims[1]**

On December 20, 2021, a travel loan was opened in Steffen's name with Uplift. Doc. 1-3 at 1, 7. Uplift is a "buy now, pay later" service allowing customers to finance travel costs at the e-commerce point of sale. Doc. 3 at 2. This loan was in the amount of $348, payable in eleven monthly installments of $36, to pay for an Allegiant Airline ticket. Doc. 1-3 at 1, 7. After the loan was taken out, two payments were made in February and March 2022. Id. at 7. Steffen discovered the loan through a text message he received from Uplift stating that he had missed a payment and reported the fraud as beginning on May 27, 2022. Id. at 18. After Steffen's discovery that a loan had been taken out in his name, he contacted Uplift via telephone to report that the loan was fraudulent. Id. at 1. When talking with a customer service agent at Uplift, the agent said that Uplift had paid the airline, but would place an alert on the account. Id. The agent also represented that Steffen could expect a refund within the next 30 to 60 days. Id. However, Steffen did not receive a refund of the $72 paid Uplift, and Uplift continued to try to collect on the loan fraudulently taken out in his name. Id.

In late July 2022, Steffen filed an Identity Theft complaint with Uplift and filed a dispute of the charges with Equifax. Id. at 2, 4–5. Uplift asked Steffen to complete and upload additional documents so they could investigate Steffen's claim of identity theft. Id. at 2. Steffen, having already filled out the documentation Uplift requested in June, resubmitted the information to Uplift. Id. at 10–18; Doc. 3 at 7. In the form, Steffen indicated that he did not authorize anyone to use his name or personal information to obtain the loan, or for any purpose, and that he did not

---

[1] This Opinion and Order makes no findings of fact, but takes as true, at this point, the well-pleaded facts in the Statement of Small Claims, which serves as the Complaint in this circumstance.

2

receive any goods, services, or other benefits. Doc. 1-3 at 11. Steffen also filed a report of identity theft with the Gregory County Sheriff's Office in South Dakota. Id. at 14.

On August 1, 2022, Steffen filed a Statement of Small Claims in the small claims court of the Sixth Judicial Circuit in South Dakota. Doc. 1-3 at 1. Attached to the Statement of Small Claims was a July 28, 2022 email from Uplift, the completed identity theft form, a dispute confirmation letter from Equifax, a July billing statement from Uplift, copies of Steffen's registration and driver's license, and a consumer report to the FTC. Id. at 2–18. In his Statement of Small Claims, Steffen claims Uplift harmed him by "continu[ing] to collect this fraudulent debt as well as illegally continu[ing] to report this fraudulent account to Equifax who is illegally reporting this account to this day." Id. at 1. For this harm, Steffen sought "damages under the [Fair] Debt Collection Practices Act[2] Section 809(b) for the months of December, January, February, March, April, May, June, July & August as well as damages for my inability to get financing due to this illegal reporting." Id.

With the case being brought under the FDCPA, Uplift removed the case to this Court based on federal question jurisdiction. Doc. 1. Upon removal, this Court then set aside the default judgment of the state small claims court because Uplift had not been properly served. Doc. 12. Uplift now makes a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that the FDCPA does not apply to Uplift because Uplift does not a qualify as a debt collector under the Act. Docs. 13, 15.

---

[2] The Fair Debt Collection Practices Act Section 809(b) is at 15 U.S.C. § 1692g(b), but the Federal Trade Commission website refers to this section as 809(b). Doc. 1-3 at 1; 15 U.S.C. § 1692g(b); Fed. Trade Comm'n, Fair Debt Collection Practices Act, https://www.ftc.gov/legal-library/browse/rules/fair-debt-collection-practices-act-text#809 (last visited Apr. 10, 2023).

3

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) addresses dismissal for failure to state a claim. On a Rule 12(b)(6) motion, courts must accept a plaintiff's factual allegations as true and make all inferences in the plaintiff's favor but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. at 678, "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (alteration in original) (citation and internal marks omitted). When determining whether to grant a Rule 12(b)(6) motion for failure to state a claim, a court generally must ignore materials outside the pleadings, but it may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . without converting the motion into one for summary judgment." Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (cleaned up and citation omitted).

4

## III. Analysis

Under the FDCPA, debt collectors are prohibited from "making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292–93 (1995). The Act imposes civil liability on those "debt collectors" who harass, mislead, or treat others unfairly in attempts to collect on their debt. 15 U.S.C. § 1692k. Steffen brings this suit under 15 U.S.C. § 1692g(b). Doc. 1-3 at 1; see supra note 2. Under this statute:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

15 U.S.C. § 1692g(b). As such, Uplift must be a "debt collector" for this subsection to apply. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, the debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

There are, however, several exceptions to the general definition. Id. A "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such a creditor." Id. A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating

5

collection of such debt for another." 15 U.S.C. § 1692a(4). Uplift asserts in their motion to dismiss that it is not a debt collector because Uplift is collecting on its own debt as a creditor. Doc. 13 at 4.

Steffen need only plead enough facts to state a claim plausible on its face, meaning that the factual content is enough for this Court to draw the reasonable inference that Uplift is liable for the alleged misconduct. In his statement of small claims, Steffen states that "Uplift, Inc. opened a fraudulent loan for travel on 12/20/21" and had "paid Allegiant Airlines for my flight." Doc. 1-3 at 1. In the attached FTC consumer report, Steffen states that the fraud began on May 27, 2022, when he received a text message notifying him that he had failed to make a payment on his loan and that, even after calling Uplift to alert them to the fraud, Uplift continued to contact him. Id. at 18.

Steffen's statement of small claims alleges that Uplift was attempting to collect a debt asserted to be owed, but doing so on a fraudulent loan that Uplift originated. Thus, Steffen's statement of small claims asserts that Uplift created the alleged debt and is the entity to which the debt is owed, making Uplift a creditor. See 15 U.S.C. § 1692a(4). Any action of Uplift as a creditor to collect its own debt would be an action of an officer or employee of Uplift, acting in the name of Uplift, to collect the debts for Uplift, exempting them from the provided definition of "debt collector." See Doc. 1-3; 15 U.S.C. §§ 1692a(4), (6)(A). The allegations in the statement of small claims thus do not state a claim under the FDCPA. Steffen perhaps has claims for fraud, failure of consideration, or breach of contract under state law, so this case will be dismissed without prejudice to filing any such state law claims. If Steffen proceeds with another state law case, he of course should ensure that Uplift gets properly served with a new summons and complaint. This

Court would leave it to any state court to determine if res judicata or collateral estoppel principles would bar any such new suit.

**IV. Conclusion**

For the reasons discussed above it is hereby

ORDERED that Uplift's Motion to Dismiss, Doc. 15, is granted.

DATED this 13th day of April, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE